UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EMI IWAIDA, | **COMPLAINT** |
| Plaintiff, | Jury Trial Demanded |
| -against- | Index No.: |
| CHINESE AMERICAN PLANNING COUNCIL, INC., MING GUANG HU, and WAYNE HO, | |
| Defendants. | |

Plaintiff, Emi Iwaida ("Plaintiff"), by and through her attorneys, The Law Office of David H. Rosenberg, P.C., complaining of Defendants Chinese American Planning Council, Inc. ("CAPC"), Ming Guang Hu ("Hu"), and Wayne Ho ("Ho" and all together as "Defendants'") herein, alleges upon knowledge as to herself and her own actions, and upon information and belief as to all other matters, as follows:

## JURISDICTION AND VENUE

1. This is a national origin, gender discrimination, and retaliation action brought pursuant to Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), the New York City Human Rights Law, New York City Administrative Code § 8-502(a), et seq. ("NYCHRL"), The New York State Human Rights Law, Executive Law § 296, et seq. ("NYSHRL"); and any other cause of action which can be inferred from the facts set forth herein.

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343(a)(3), and 28 U.S.C. § 1343(a)(4).

3. Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to this cause of action, including the unlawful employment practices alleged herein, occurred in this district.

4. All conditions precedent to maintaining this action have been fulfilled. Specifically, on July 13, 2018, a national origin and gender discrimination/retaliation complaint was filed with the New York State Division of Human Rights ("NYSDHR"), *Emi Iwaida v. Chinese American Planning Council, Inc., NYSDHR Case Number: 10197342,* and dual filed with the Equal Employment Opportunity Commission ("EEOC"), EEOC Charge Number 16GB900157.

5. On January 28, 2019, the NYSDHR determined "that PROBABLE CAUSE exists to believe that Respondent has engaged in or is engaging in the unlawful discriminatory practice complained thereof."

6. On April 4, 2019, the NYSDHR wrote, "pursuant to Section 297.3 of the Human Rights Law, the complainant should be dismissed on the grounds of administrative convenience. The complainant intends to pursue federal remedies in court, in which forum all the issues concerning the question of discrimination charged can be resolved."

7. All prerequisites to the institution of this action have been met. As noted above, a charge of discrimination was duly filed with the EEOC, the Notice of Right to Sue was received on or around June 19, 2019, and this action has been filed within ninety (90) days of receipt.

## PARTIES

8. At all relevant times, Plaintiff, a Japanese female, was an employee of CAPC.

9. At all relevant times, CAPC is a non-profit provider of educational, social, and community services.

10. At all relevant times, Ho, a Chinese male, is the chief executive officer of CAPC.

11. At all relevant times, Hu, a Chinese male, is a janitor at CAPC.

## BACKGROUND

12. At all relevant times, Plaintiff was an employee of the CAPC.

13. At all relevant times, Plaintiff performed her work in a satisfactorily or above-satisfactorily manner.

14. On February 23, 2004, Plaintiff commenced employment as a family counselor. Until March 2018, Plaintiff typically reported to work at 125 Walker Street, 3rd Floor, New York, New York 10013.

15. Due to sheer hard work and dedication, Plaintiff was promoted to teacher's aide/assistant bookkeeper on December 23, 2007, and administrative assistant on September 1, 2015. Plaintiff received a pay raise from $15.00 to $17.00 per hour, respectively.

16. Notwithstanding her positive contributions, Plaintiff was discriminated against on account of gender (female), national origin (Japanese), and retaliated for opposing discriminatory practices.

## FACTS

17. On January 19, 2018, Hu, in front of Stephanie Wong's[1] mother, entered Plaintiff's office, walked at a fast pace towards Plaintiff, and slammed his fists on Plaintiff's desk. Hu thrusted and shook his fists in Plaintiff's face, causing Plaintiff to fear for physical safety, and said words to the effect of, "You better watch out. You don't tell me what to do." Cindy Wong[2]  ("Wong", Chinese female, bookkeeper) escorted Hu away from Plaintiff. Plaintiff,

---

[1] Stephanie Wong was a Chung Pak Day Care student.
[2] On January 22, 2018, Sikarevich said to Plaintiff words to the effect of, "I asked Cindy how she knew Ming was attacking you. Cindy told me that Stephanie Wong's mother told her what Ming was doing."

fearful of her physical safety, went into the empty office of supervisor Mary Sikarevich ("Sikarevich", female, non-Japanese, director of Chung Pak Day Care). Other non-female and non-Japanese employees were not treated this way.

18. Approximately 15 minutes later, Hu entered Sikarevich's office, walked at a face pace toward Plaintiff, and thrusted his fist into Plaintiff's face again causing Plaintiff to fear for Plaintiff's physical safety. Hu yelled at Plaintiff words to the effect of, "You better watch out. You don't tell me what to do." Wong entered Sikarevich's office and removed Hu from said office. Plaintiff called 911, then called Sikarevich's cell phone, and said words to the effect of, "Ming attacked me twice. The first time he stormed into my office and attacked me by thrusting his fists in my face and yelling threatening remarks. The second time he attacked me in the same way when I went into your office to take cover and call you to report what happened. I was scared so I called the police. What should I do?" Sikarevich replied generally, "You did the right thing. I will call Edgar[3] and Mary[4] to come to the day care to assist you." The police arrived and generated a police report against Hu. Other non-female and non-Japanese employees were not treated this way.

19. On January 22, 2018, Sikarevich said to Plaintiff words to the effect of, "Edgar wants a statement from me, you and Cindy [Wong] about what happened between you and Ming [Hu]. Edgar doesn't want me to mention Ming's attack on you in the termination papers that I need to submit. He wants me to write a performance evaluation as the reason for his termination." Sikarevich filled out and the necessary termination documents called "Employee Termination Form" and "Performance Appraisal Form Custodial Employees" and submitted it to Pereira requesting that Hu be terminated "due to failure to work – failure

---

[3] At all relevant times, Edgar Pereira ("Pereira"), a Hispanic male, was the director of youth services.
[4] At all relevant times, Mary Cheng ("Cheng"), a Chinese female, was the director of early childhood services.

to comply with tasks for job." Notwithstanding this, the CAPC failed and refused to terminate Hu.

20. On February 13, 2018, Bill Yeung ("Yeung", Chinese male, director of administrative affairs) and Cheng interviewed Plaintiff, Sikarevich and Wong separately in connection with the January 19, 2018 incident described above. Later that day, Yeung said generally to Plaintiff, Sikarevich and Wong, "Ming [Hu] will not be fired. He will still be employed at the Chinese-American Planning Council." Thus, Plaintiff believed that Hu was not fired on account of his Chinese origin and that she, Plaintiff, was being discriminated against on account of her Japanese origin.

21. On February 14, 2018, Plaintiff received a call, at approximately 5:30 p.m., on her personal cell from Sikarevich. Sikarevich said words to the effect of, "I have Bill and Mary on the phone with us." Yeung said to Plaintiff generally, "We wanted to let you know that you are suspended for an indefinite amount of time." Plaintiff responded words to the effect of, "What is the reason for the suspension?" Yeung replied generally, "The reason will be given at a later time." Thus, Plaintiff believed she was being suspended in retaliation for opposing Hu's discriminatory practices.

22. On February 26, 2018, Yeung called Plaintiff into a meeting whereupon Sikarevich and Cheng were also present. Yeung said to Plaintiff words to the effect of, "We are going to be changing your job. You will no longer report to Chung Pak Day Care and will receive a new job description on Friday. You can report back to work on February 27, 2018 and will report to Mary Cheng from now on." Other non-Japanese, non-female, and employees who did not oppose discriminatory practices, were not treated this way.

23. On February 27, 2018, Sikarevich said to Plaintiff words to the effect of, "During your absence, an investigation was held because Ming [Hu] accused you of picking on him. On March 5 you will report to Tribeca Early Learning to start your new job functions. After that you will report to each of the five centers[5] one center each day of the week." Plaintiff understood this to mean she would be forced to continue working with Hu at least once a week.

24. On March 2, 2018, Sikarevich said to Plaintiff words to the effect of, "Bill just told me that Ming will be reporting back to work at Chung Pak Day Care on Monday March 5, 2018. I thought you should know."

25. On March 6, 2018, Plaintiff was emailed with her new job description as a family aide and reported to Garment Industry Day Care located at 115 Chrystie Street, 2nd Floor, New York, New York, New York 10002 that day. Other non-Japanese, non-female, and employees who did not oppose discriminatory practices, were not treated this way.

26. On May 2, 2018, Plaintiff sent an email to Ho that read:

> On January 19, 2018 I was assaulted by Mr. Hu, who is Chinese, in my office. Hu said, 'You better not tell me what to do' and said, 'You better watch out'. I feel like this was done on account of me being a Japanese woman. I called the police and reported this to Mary Sikarevich, Director of Chung Pak Day Care, Edgar Pereira, and Mary Cheng.
>
> On January 22, 2018, Mary Sikarevich filed the attached termination forms for Mr. Hu to be terminated for "failure to work, failure to comply with job tasks."
>
> However, Hu was not terminated. To the contrary, he remained employed by Bill Yeung and Mary Cheng and I was transferred from

---

[5] The five centers are Tribeca Early Learning Center located at 21 St. Johns Lane, 2nd Floor, New York, New York 10013, Garment Industry Day Care Center located at 115 Chrystie Street, 2nd Floor, New York, New York 10002, Little Star of Broome Day Care located at 151 Broome Street, New York, New York 10002, Chung Pak Day Care located at 125 Walker Street, 3rd Floor, New York, New York 10013 and Jacob Riss Child Care Center located at 108 Avenue D, New York, New York 10009.

> Chung Pak Day care to five different locations in retaliation of my opposition to the discrimination. This has caused me to go into a deep depression, become anxiety ridden, have sleepless nights, and fearful of seeing Hu at one of the locations I now work at.
>
> Please take corrective action and thank you for your time.

27. On May 3, 2018, Ho emailed Plaintiff that read in part, "We have received your communications. As long as you have legal representation, we must work through your attorney, and we cannot deal directly with you on this matter." No investigation was conducted, no discipline was given, and no corrective action was taken. To the contrary, Plaintiff was forced to continue working with Hu. Other non-Japanese, non-female, and employees who did not oppose discriminatory practices, were not treated this way.

28. On June 11, 2018, Plaintiff sent a follow up email to Ho that read:

> I am following up on my May 2, 2018 complaint letter to find out if an investigation has been done, according to CPC policy. On March 4, 2018 I was transferred from Chung Pak Day Care to five different locations in retaliation of my opposition to the discrimination. During my time at the five different locations I have been given little to no work.

29. As of the date of this pleading, Plaintiff has not received a response to her June 11, 2018 email to Ho; no investigation has been conducted, no discipline has been given, and no corrective action has been taken. To the contrary, Plaintiff has been forced to continue working with Hu.

## CLAIMS FOR RELIEF

1. Defendants subjected Plaintiff to adverse employment actions and hostile work environment based on her national origin (Japanese), gender (female), and based upon her participation in protected activities including her oppositions to discriminatory practices. These actions by CAPC are in violation of the Title VII, the NYCHRL, the NYSHRL, and any other cause of action which can be inferred from the facts set forth herein.

7

2. The individual Defendants engaged in an unlawful discriminatory practice in violation of the NYCHRL and NYSHRL by aiding, abetting, inciting, compelling and coercing the above discriminatory and unlawful conduct.

3. Plaintiff suffered, and continues to suffer emotional damages as result of the discriminatory and retaliatory treatment and termination.

WHEREFORE, Plaintiff demands judgment against Defendants for all compensatory, emotional, physical, and punitive damages (where applicable), and any other damages permitted by law. It is further requested that this Court grant reasonable attorneys' fees and the costs and disbursements of this action and any other relief to which Plaintiff is entitled. Plaintiff demands a trial by jury.

Dated: Mineola, New York
      September 11, 2019

THE LAW OFFICE OF DAVID H. ROSENBERG, P.C.

_____
DAVID H. ROSENBERG
*Attorneys for Plaintiff*
The Law Office of David H. Rosenberg, P.C.
170 Old Country Road, Suite 600
Mineola, N.Y. 11501
Ph: (516) 741-0300
F: (516) 385-4848